**PEOPLE'S TELEPHONE COOPERATIVE**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY.**

No. TY–74–153–CA.

United States District Court,
E. D. Texas,
Tyler Division.

Aug. 1, 1975.

Thomas W. Hathaway, Hathaway & Jackson, Tyler, Tex., James Douglas Pickett, Flynt & Pickett, Winnsboro, Tex., for plaintiff.

Jack W. Flock, Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, Tex., for defendant.

## ORDER

STEGER, District Judge.

The Court has before it in the above styled and numbered cause a Motion to Dismiss filed by the Defendant, Southwestern Bell Telephone Company. The Defendant contends that this case should be dismissed for two reasons: (1) under the doctrine of primary jurisdiction, the Federal Communications Commission is the proper forum to decide the issues involved, and (2) the Plaintiff's complaint fails to state a claim on which relief can be granted.

The Plaintiff is a non-profit corporation organized to furnish telephone service to its subscribers in Wood County, Texas. The Defendant apparently has been furnishing interstate, intrastate, and foreign toll service to the Plaintiff's various exchanges for several years. In 1973, the Plaintiff desired to change the point where its toll line connected with the facilities of the Defendant, and in furtherance of that objective, the Plaintiff constructed a toll line to a facility owned by the Defendant near Golden, Texas. The Defendant, however, refused to allow the Plaintiff to connect the new toll line with the Defendant's facilities, and this suit followed.

The Plaintiff's complaint alleges that this new toll line is the most convenient toll route for its subscribers, and asks the Court to grant equitable relief by enjoining the Defendant from denying the Plaintiff's connection of the new toll line with Defendant's facility. The Plaintiff also alleges that the Defendant's conduct restricts and hinders competition in violation of Vernon's Ann. Civ.St.art. 7428a, and that the Defendant is in violation of the antitrust laws of the United States. In addition to equitable relief, the Plaintiff's complaint seeks monetary damages.

As stated earlier, the Defendant contends this case should be dismissed because the Plaintiff's complaint fails to state a claim on which relief can be granted, and under the doctrine of primary jurisdiction, the Federal Communications Commission is the only forum that can decide the issues in this case. The Court determines initially that the Plaintiff's complaint does state a claim on which relief can be granted, and the case cannot be dismissed on that ground.

The main issue before the Court is whether, under the doctrine of primary jurisdiction, the Federal Communications Commission is the proper forum to resolve the issues presented in this case. The Plaintiff, in its brief, does not deny that the Federal Communications Commission has primary jurisdiction, but asserts that this Court has concurrent jurisdiction with the Commission, and contends that this Court should proceed to a trial of the case.

The doctrine of primary jurisdiction is a judge-made doctrine that "comes into play when a court and an administrative agency have concurrent jurisdiction over the same matter, and no statutory provision coordinates the work of the court and of the agency." *Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086, 1091 (5th Cir. 1973). There is no fixed formula for a court to use in applying the doctrine. In each case, the court must determine whether the reasons for the existence of the doctrine are present, and whether the purposes it serves will be aided by its application to the litigation before the court. *United States v. Western Pac. R. Co.,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed. 2d 126 (1956). Two reasons for the doctrine are usually stated by the courts. One is to promote consistency and uniformity in the treatment of businesses whose regulation is entrusted to an administrative agency. *United*

*States v. Western Pac. R. Co.,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); *Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086 (5th Cir. 1973). This was the original reason for the doctrine as stated by Mr. Justice White in *Texas & Pac. Ry. v. Abilene Cotton Oil Co.,* 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907). The second reason for the doctrine is that it is thought wise for a court to defer to an expert agency when it is faced with an issue in an area with which the court is relatively unfamiliar and which is not in the conventional experience of judges, or an issue which requires the exercise of administrative discretion. *Far East Conference v. United States,* 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952); *Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086 (5th Cir. 1973).

■ Applying these principles to the present situation, the Court determines that the primary jurisdiction doctrine is applicable to this case. The basic issue in the case is whether the physical connection between two telephone companies should be at one geographical point, rather than at another. The Federal Communications Commission has the power to require physical connections between common carriers engaged in interstate or foreign communication if it finds that such action is necessary or desirable in the public interest. 47 U.S. C. § 201(a). It appears to the Court that the determination of the proper point of connection between two common carriers is a question that an expert agency, such as the Commission, has the requisite skill and knowledge to handle. The Court also concludes that this decision could involve the exercise of administrative discretion. In addition, the Court believes that in an industry as highly regulated as the telephone industry, reference of this case to the administrative agency established by Congress to control that industry would promote consistency and uniformity in its regulation.

■ Having determined that the doctrine of primary jurisdiction applies, the Court is of the opinion that the proper action is not to dismiss the case, but to stay all proceedings and hold the case in abeyance pending the conclusion of appropriate administrative proceedings by the Federal Communications Commission. See *Louisville & Nashville Railroad Co. v. Knox Homes Corp.,* 343 F. 2d 887 (5th Cir. 1965); *Carter v. American Telephone and Telegraph Company,* 250 F.Supp. 188 (N.D.Tex.1966), *aff'd,* 365 F.2d 486 (5th Cir. 1966), *cert. denied,* 385 U.S. 1008, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967). The burden is upon both parties to bring this case before the Federal Communications Commission. See *Carter v. American Telephone and Telegraph Company,* 365 F.2d 486, 499–500 n. 27 (5th Cir. 1966).

After a determination by the Commission, the Court will consider any issues the parties wish to raise, including the anti-trust issues.

It is therefore ordered, adjudged and decreed that the Defendant's Motion to Dismiss be, and the same is hereby in all things, denied.

It is further ordered, adjudged and decreed that all proceedings will be stayed and this cause will be held in abeyance pending the conclusion of the appropriate administrative proceedings before the Federal Communications Commission, and jurisdiction will remain in this Court to pass ultimately on any issue raised by the parties after the Commission makes a determination.